IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| **Francena Williams**, | ) | C/A 2:13-2284-RMG-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| **Dorchester County Detention Center and** | ) | |
| **Captain Terry Van Doran, Jail Director** | ) | |
| **in his individual capacity**, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action was originally filed by the Plaintiff in the South Carolina Court of Common Pleas, First Judicial Circuit. As filed in state court, this action asserted a claim against the Defendant Dorchester County Detention Center for violations of the South Carolina Human Affairs Law, S.C. Code Ann. § 1-13-10, et seq., and the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq. The Defendant Dorchester County removed this action to federal court on August 22, 2013 due to Plaintiff's federal statutory claim.

Plaintiff also filed a separate action in United States District Court on July 11, 2013 against the Defendant Detention Center, as well as against Terry Van Doran, Director of the



Detention Center, asserting claims under the FMLA and the Rehabilitation Act, 28 U.S.C. § 1331, et seq. <u>Williams v. Dorchester County Detention Center, et al.</u>, Civil Action No. 13-1906. On August 26, 2013, the parties filed a joint motion to consolidate these cases on the grounds that they involve common questions of law and fact, and on August 27, 2013 an Order was entered consolidating these cases, with Civil Action No. 13-1906 being consolidated into Civil Action No. 13-2284, and Civil Action No. 13-1906 being administratively closed.

The following day, August 28, 2013, the Defendants filed a motion for partial dismissal pursuant to Rule 12, Fed.R.Civ.P., seeking dismissal of Plaintiff's FMLA claims against both Defendants. Plaintiff filed a memorandum in opposition to the Defendants' motion on October 7, 2013, to which the Defendants filed a reply memorandum on October 10, 2013. Defendants' motion is now before the Court for disposition.[1]

**Plaintiff's Allegations**

Plaintiff alleges in her Complaint that the Defendant Dorchester County Detention Center is a "state or county agency", and that she was hired by the Detention Center in 2002 as a detention officer. Plaintiff alleges she adequately performed her job duties until on or around December 2007, when she was assaulted and injured at work, following which she went out on FMLA leave and filed a claim for worker's compensation. Plaintiff further alleges that when her FMLA leave expired in March 2008, she was not at that time able to return to work. Plaintiff alleges that the "defendant" sent her a letter stating she could extend her FMLA leave, but that shortly after

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



sending this letter, the "defendant" terminated her because she was unable to return to work after her leave expired.

Plaintiff alleges that she was advised she could reapply for her job once her health improved, and that by the summer of 2009 she was able to return to work. Plaintiff alleges that she reapplied to work for the Detention Center, but that the Defendant Van Doran (the jail director) rejected her application without an interview and advised Plaintiff there were no positions available. Plaintiff alleges, however, that there were open positions at that time. Plaintiff further alleges that she reapplied for a job with the Detention Center in March 2010, and was again rejected without an interview. Plaintiff also alleges that she attempted to obtain a position with the South Carolina Department of Corrections (SCDC) in 2011 and 2012, but was eventually advised that the SCDC could not hire her and that the decision was "coming from headquarters".

Plaintiff alleges that she continued to seek employment, again applying at the Detention Center, but that an employee of the Detention Center told her that Van Doran had indicated he was not going to hire her. However, around July 2012 Plaintiff was called by the Detention Center for an interview, which took place on or about July 18, 2012. Plaintiff alleges she was interviewed by "Lieutenant Darling", and that as part of the interview process she had to take a "Nelson-Denny test". Plaintiff alleges that Darling told her she had done well on the test, that there were open positions, but that the Defendant "was thinking that Plaintiff may not be able to perform the job (because of the prior assault and ensuing injuries), but that he [Darling] had been assaulted on the job before and was able to come back to work". Plaintiff alleges that around the end of July 2012, she was once again rejected for employment by the Detention Center.



In her Complaint, Plaintiff asserts, <u>inter alia</u>, a cause of action under the FMLA against both the Detention Center and Van Doran, alleging that the Defendants "violated the FMLA by providing false and/or damaging information about Plaintiff to Plaintiff's prospective employers and by refusing to rehire Plaintiff, all because Plaintiff exercised her rights under the FMLA". Plaintiff further alleges that the Defendants' actions "were undertaken in a willful, knowing, reckless, bad faith, intentional and wanton manner and in utter disregard for Plaintiff's protected rights and, therefore, Plaintiff is entitled to recover liquidated damages from [the Defendants]". <u>See generally</u>, Plaintiff's (consolidated) Complaint.

## **Discussion**

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters in the Complaint to state a plausible claim for relief "on its face". <u>Ashcroft v. Iqbal,</u> 129 S.Ct. 1937, 1949 (2009). Defendants assert in their motion to dismiss that they are entitled to dismissal of Plaintiff's FMLA cause of action because the State of South Carolina is not subject to suit in federal court for money damages under the self-care provisions of the FMLA, is in fact immune from suit for such a claim in any forum (including the courts of the State of South Carolina), and that Van Doran individually is also not subject to suit under the FMLA. The undersigned is constrained to agree.

### I.

First, the Dorchester County Detention Center is administered by, and under the control of, the Sheriff of Dorchester County. <u>Cf</u>. <u>Rutland v. Dorchester County Detention Center,</u>

4



Civil Action No. 09-274-SB-BHH; see also Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records]. As such, Plaintiff's claim is actually against the Sheriff's Office, which is considered a state agency for purposes of Plaintiff's claim. Gulledge v. Smart, 691 F.Supp. 947, 954-955 (D.S.C. 1988)[Sheriff's Office is a state agency]. Since County Sheriffs are state officers, not county employees, a suit against the "Dorchester County Detention Center" is a suit against the state of South Carolina for purposes of Eleventh Amendment immunity.[2] Gulledge, 691 F.Supp. at 954-955 [Sheriff's office entitled to Eleventh Amendment immunity from suit]; see Cash v. Thomas, No. 12-1278, 2013 WL 3804375, at * 7 (D.S.C. July 19, 2013)["It is well settled, both in South Carolina and federal law, that a Sheriff in South Carolina is an arm of the State and not a County employee and therefore is entitled to Eleventh Amendment immunity in his or her official capacity from suit in Federal Court"], citing Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996). Further, as an employee of the Sheriff, the Defendant Van Doran is a state employee and therefore is immune from suit in federal court in his official capacity. Gulledge, 691 F.Supp. at 954-955 [Sheriffs and deputy sheriffs are agents of the State and cannot be sued in their official capacities]; Jamison v. Bamburg,

---

[2] The Detention Center itself is only a facility or building, which cannot be sued as a "Defendant" in a Bivens lawsuit. See Cf. Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) [California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983]; Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (E.D.Pa. 1976); see generally Tyler v. Sullivan, No. 95-1232, 1996 WL 195295 at **1 (10th Cir. Apr. 22, 1996) ["The [district] court dismissed the detention facility as a defendant, finding that the facility, a building owned and operated by the county, is not a person or legally created entity capable of being sued."]; Preval v. Reno, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ["[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."] aff'd in part, modified in part on other grounds, vacated in part on other grounds, 203 F.3d 821 (4th Cir. 2000); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ["Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."].



No. 11-2245, 2012 WL 7656426, at * 3 (D.S.C. Nov. 28, 2012)["[T]he Detention Center defendants [sued in their official capacities] are entitled to sovereign immunity"], aff'd, 2013 WL 819193 (D.S.C. Mar. 5, 2013).

While Congress can abrogate a state's immunity from suit in appropriate circumstances, and while Congress, as part of the enactment of the FMLA, did specifically provide that a right of action may be maintained by an employee "against any employer (including a public agency)"; see 29 U.S.C. § 2617(a)(2); Congress can abrogate a state's sovereign immunity only when it "both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority;'" Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 363-364 (2001), quoting Kimel v. State Board of Regents, 528 U.S. 62, 73 (2000); and with respect to the "self-care" provision of the FMLA (the provision at issue here); 29 U.S.C. § 2612(a)(1)(D); the United States Supreme Court has determined that Congress did not have valid constitutional authority to waive the state's sovereign immunity with respect to such claims, and therefore an unconsenting state cannot be sued under his provision. Coleman v. Maryland Court of Appeals, 132 S.Ct. 1327, 1332 (2012)["In agreement with every Court of Appeals to have addressed this question, this Court now holds that suits against States under [the FMLA's self-care provision] are barred by the States' immunity as sovereigns in our federal system"];³ see also Lizzi v. Alexander, 255 F.3d 128, 135-136

---

³There is some authority that, in appropriate circumstances, suit may be brought in federal court against a state official in their official capacity seeking prospective injunctive relief, including even under the "self-care" provision of the FMLA. See Ex parte Young, 209 U.S. 123 (1908); Lytle v Griffith, 240 F.3d 404, 408 (4th Cir. 2001)[Ex parte Young authorizes "suit against state officers for prospective equitable relief from ongoing violations of federal law"]; Stewart v. Moccasin Bend Mental Hospital, Nos. 07-305, 08-255, 2009 WL 2244621, * * 5-6 (E.D.Tenn. July 24, 2009)["[A] claim for reinstatement brought under the self-care provision of the FMLA falls under the Ex parte (continued...)



(4th Cir. 2001), overruled in part on other grounds by, Nevada Dep't of Human Resources v. Hibbs, 538 U.S. 721 (2003); Nelson v. University of Texas at Dallas, 535 F.3d 318, 321 (5th Cir. 2008); Batchelor v. South Florida Water Management District, 242 Fed. Appx. 652 (11th Cir. 2007); Miles v. Belfontaine Habilitation Center, 481 F.3d 1106 (8th Cir. 2007); Toeller v. Wisconsin Dep't of Corrections, 461 F.3d 871 (7th Cir. 2006); Touvell v. Ohio Dep't of Mental Retardation and Developmental Disabilities, 422 F.3d 392, 402 (6th Cir. 2005); Brockman v. Wyoming Dep't of Family Services, 342 F.3d 1159, 1164 (10th Cir. 2003). [4]

The State of South Carolina has not consented to suit in this Court, and indeed Plaintiff does not even argue that she is entitled to sue this Defendant in federal court under the FMLA. Rather, Plaintiff complains that she originally filed her FMLA lawsuit against this Defendant in state court, and that it was the Defendants who removed this case to federal court. Plaintiff argues that her FMLA claim against the Detention Center (i.e., the Sheriff's Office. see n. 2, supra.) should therefore be remanded to state court so that she can pursue this claim in that forum. However, following the removal of her state court lawsuit to federal court, Plaintiff never filed a motion for remand (even though the notice of removal itself expressly asserted this Defendant's

---

[3](...continued)
Young exception to Eleventh Amendment immunity"]. However, Plaintiff seeks only monetary damages. See Complaint(13-2284), pp. 8-9; Complaint (13-190), pp. 8-9.

[4]These rulings stand in contrast to court rulings regarding the "family leave" provision of the FMLA; 29 U.S.C. § 2612(a)(1)(C); which allows an employee to obtain leave in order to care for a family member. The United States Supreme Court has held that the abrogation of the states' immunity from suit under the "family leave" provision meets constitutional muster, and that the states therefore have no immunity from suit under that provision. See Nevada Department of Human Resources v. Hibbs, 538 U.S. 721, 725-726, 737 (2003). That is not, however, the provision of the FMLA at issue in this lawsuit.



immunity under the Eleventh Amendment, as well as state sovereign immunity),[5] with the parties then thereafter filing a *joint* motion to consolidate these cases. In any event, the State of South Carolina has not waived its sovereign immunity from suit under the self-care provision of the FMLA, even in state court. See S.C.Code Ann. § 15-78-20(b). As noted, the Defendant's notice of removal specifically asserted this Defendant's sovereign immunity from suit in both federal *and* state court. Therefore, Plaintiff's contention that this claim (as asserted against the Detention Center) should be remanded to state court, rather than dismissed, is without merit. See Martin v. South Carolina Dept. of Corrections, No. 09-1347, 2009 WL 4363216 at * * 3-5 (D.S.C. Dec. 1, 2009); cf. Alden v. Maine, 527 U.S. 706, 712 (1999); Lee v. State, Polk County Clerk of Court, 815 N.W.2d 731, 739 (Iowa 2012).

## II.

Finally, Plaintiff argues that, even if her claim against the Detention Center (i.e., the Sheriff's office) is dismissed, she should be able to proceed with her FMLA claim in this Court against Van Doran in his *individual capacity*. However, Plaintiff specifically alleges in her Complaint that the Defendant Van Doran "acted directly or indirectly in the interest of the Defendant [Detention Center] in regards to Plaintiff", and that because of this fact "Plaintiff is a covered employee and Defendant Van Doran is a covered employer under the FMLA". See Complaint

---

[5]Even though the Defendant Detention Center removed Plaintiff's state lawsuit to federal court, since this Defendant specifically did not waive its sovereign immunity from suit with respect to Plaintiff's FMLA claim in state court, this removal did not effect a waiver of Eleventh Amendment immunity under Lapides v. Board of Regents of the University of Georgia, 535 U.S. 613 (2002); see Neely v. York County Disabilities and Special Needs Board, No. 07-3338, 2009 WL 822542, at * 8 (D.S.C. March 27, 2009); Cockfield v. South Carolina Department of Public Safety, No. 05-277, 2007 WL 954131 (D.S.C. Mar. 27, 2007).



(original Civil Action No. 13-1906), at ¶¶ 29-30. Hence, while Plaintiff styles her claim against Van Doran as being in his "individual" capacity, there are no factual allegations in the Complaint to show that Van Doran was ever at any time acting other than in his official capacity when making the decisions at issue. Cf. Lizzi, 255 F.3d at 136 [Noting that even where Plaintiff uses the term "individual capacity" as the basis for his/her lawsuit, that is not sufficient to maintain a claim against individually named state defendants where the complaint makes no showing of any ultra vires action by the employee]; Louder v. Endicott, 253 F.3d 1020, 1022-1023 (7th Cir. 2000)["[A] suit nominally against state employees in their individual capacities that demonstratively has the identical effect as a suit against the state is, we think, barred. Any other position would be completely unrealistic and would make a mockery of the Supreme Court's heightened sensitivity to state prerogatives"]. [FLSA case].

        In any event, Fourth Circuit precedent holds that claims against state employees in their individual capacities under the FMLA are barred by state sovereign immunity because the state is the real party in interest. See Lizzi, 255 F.3d at 136-138 (citing Kazmier v. Widmann, 225 F.3d.519, 533, n. 65 (5th Cir. 2000)). Hence, as an employee of the Sheriff of Dorchester County, Van Doran cannot be sued in federal court for a violation of the FMLA. See Brown v. Lt. Governor's Office of Aging, 697 F.Supp. 2d 632, 639 (D.S.C. 2010). While some jurisdictions have held that Coleman, while upholding state sovereign immunity under the FMLA, did not bar FMLA claims in federal court against state employees in their individual capacity,[6] the undersigned agrees

---

[6]Cf. Bellow v. LeBlanc, _____ Fed.Appx. ____, 2013 WL 3914886 at * * 2-3 (5th Cir. July 30, 2013)[State employee was not entitled to qualified immunity from suit in his individual capacity]; Bell v. University of California Davis Medical Center, No. 11-1864, 2013 WL 1896318 at * 10
(continued...)

9



with Judge Currie's decision in <u>Brown</u> that, until the holding in <u>Lizzi</u> that state employers in their individual capacities cannot be sued under the FMLA is overruled by either the Fourth Circuit or the Supreme Court,[7] that decision remains binding on this Court.  <u>Brown</u>, 697 F.Supp.2d at 639 ["Until the Supreme Court or the <u>en</u> <u>banc</u> Fourth Circuit articulates a different Rule, <u>Lizzi</u> remains controlling precedent as to the extension of the Eleventh Amendment immunity to supervisory employees of a state who are sued for damages as to claims for which the state, itself, is entitled to Eleventh Amendment immunity"].  <u>See</u> <u>also</u> <u>Svet v. Florida Dep't of Juvenile Justice</u>, No. 11-394, 2012 WL 5188036 at * 3 (M.D.Fla. Oct. 19, 2012)[Extending protection in FMLA claim to individual Dependant in official capacity].[8]  Therefore, Van Doran is also entitled to dismissal as a party Defendant under this claim.

### Conclusion

Based on the foregoing, it is recommended that the Defendants' motion be **granted**, and that Plaintiff's FMLA claim against the Defendants Dorchester County Detention Center and Terry Van Doran be **dismissed.**

---

[6](...continued)
(E.D.Ca. May 6, 2013), <u>adopted by</u>, 2013 WL 2664552 (E.D.Ca. June 11, 2013); <u>Howard v. Pennsylvania Dep't of Public Welfare</u>, No. 11-1938, 2013 WL 102662 at * * 9-10 (E.D.Pa. Jun. 9, 2013); <u>Santiago v. Connecticut Dept of Transportation</u>, No. 12-132, 2012 WL 5398884 at * 4 (D.Conn. Nov. 5, 2012); <u>see</u> <u>Svet v. Florida Dep't of Juvenile Justice</u>, No. 11-394, 2012 WL 5188036 at * 3 (M.D.Fla. Oct. 19, 2012).

[7]<u>Coleman</u> did not address the question of individual liability under the FMLA.

[8]The undersigned has found one District Court decision from this Circuit which found that individual capacity suits under the FMLA should be allowed.  <u>See</u> <u>Reed v. Maryland, Dep't. of Human Resources</u>, No. 12-472, 2013 WL 489985 (D.Md. Feb. 7, 2013).  However, <u>Reed</u> does not cite the Fourth Circuit's decision in <u>Lizzi</u> or discuss the holding in that case, which is binding precedent.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

November 22, 2013
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

