IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Francena Williams, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Dorchester County Detention Center and )<br>Captain Terry Van Doran, Jail Director in )<br>his individual capacity, )<br>)<br>Defendants. )<br>_____ ) | No. 2:13-cv-2284-RMG<br><br><br>**ORDER** |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court grant Defendants' partial motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 15). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Plaintiff initially filed this action in state court. As filed in state court, this action asserted a claim against the Defendant Dorchester County Detention Center ("Detention Center") for violations of the South Carolina Human Affairs Law, S.C. Code § 1-13-10, *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* (Dkt. No. 1-1). The Detention Center then removed this action to this Court on August 22, 2013, due to Plaintiff's federal statutory claim. (Dkt. No. 1).

Plaintiff also filed a separate action in the United States District Court on July 11, 2013, against the Defendant Dentention Center, as well as against Terry Van Doran, Director of the Detention Center, asserting claims under the FMLA and the Rehabilitation Act, 28 U.S.C. § 1331, *et seq.*, *Williams v. Dorchester Cnty. Det. Ctr., et al.*, No. 2:13-cv-1906-RMG. On

1

August 26, 2013, the parties filed a joint motion to consolidate these cases on the grounds that they involve common questions of law and fact, and on August 27, 2013, the Magistrate Judge entered an order consolidating these cases. (Dkt. Nos. 4, 5). The following day, August 28, 2013, the Defendants filed a motion seeking dismissal of Plaintiff's FMLA claims against both Defendants. (Dkt. No. 6). Plaintiff filed a response in opposition to the motion and Defendants filed a reply. (Dkt. Nos. 13, 14). The Magistrate Judge then issued the present R&R recommending the Defendants' motion to dismiss be granted. (Dkt. No. 15). Plaintiff then filed objections to the R&R. (Dkt. No. 17).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

In the R&R, the Magistrate Judge recommends dismissing the FMLA claims against both Defendants. As to the Defendant Detention Center, the R&R recommends dismissal based on Eleventh Amendment immunity since this defendant is under the control of the Sheriff of Dorchester County, who is considered a state agency. *See Gulledge v. Smart*, 691 F. Supp. 947, 954-55 (D.S.C. 1988). Further, South Carolina has not waived its sovereign immunity, nor has it been abrogated by Congress through the FMLA. *Coleman v. Court of Appeals of Md.*, 132 S. Ct.

2

1327, 1332 (2012). As to Defendant Van Doran, the R&R recommends dismissal of the FMLA claim because it is essentially an action against the state since the complaint alleges that Van Doran acted as an employee of the Detention Center. *See Lizzi v. Alexander*, 255 F.3d 128, 135-36 (4th Cir. 2001), *overruled on other grounds by Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721 (2003).

Plaintiff's first objection is that the Court lacks subject matter jurisdiction over her FMLA claim pursuant to the Eleventh Amendment and that the Court must therefore remand this action. Fourth Circuit precedent indicates it is not clear whether Eleventh Amendment immunity limits the Court's subject matter jurisdiction. *See Brown v. Lt. Governor's Office on Aging*, 697 F. Supp. 2d 632, 635 n.4 (D.S.C. 2010) (citing *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 481 (4th Cir. 2005) (stating in dicta that "Eleventh Amendment immunity does not limit a federal court's subject-matter jurisdiction"). However, the Court need not reach this question because Plaintiff's claim under the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, is not addressed by this motion and provides an independent basis for jurisdiction here.

Plaintiff's next objection is that the Magistrate Judge erred in dismissing her FMLA action against Van Doran, a state employee, in his individual capacity. In support, Plaintiff cites to some non-binding authority permitting public employees to be sued in their individual capacities. *See Ainsworth v. Loudon Cnty. Sch. Bd.*, 851 F. Supp. 2d 963, 972 (E.D. Va. 2012) (stating the Fourth Circuit has not ruled on this issue and following the majority view to permit public employees to be individually liable under the FMLA); *Reed v. Md., Dep't of Human Res.*, No. ELH-12-472, 2013 WL 489985 (D. Md. Feb. 7, 2013) (permitting FMLA claim against state employee in her individual capacity).

3

However, the Court agrees with the Magistrate Judge that the proper decision is to follow the Fourth Circuit's precedent in *Lizzi* and dismiss Plaintiff's FMLA claim against Van Doran in his individual capacity. *See Brown*, 697 F. Supp. 2d at 638-39 (quoting *Lizzi*, 255 F.3d at 138) (because the State "enjoys Eleventh Amendment immunity for claims brought under the FMLA, the individual supervisors under the FMLA are protected by that same immunity"). The cases Plaintiff cites are either distinguishable or unpersuasive. *Ainsworth* did not involve state employees and therefore did not implicate Eleventh Amendment concerns. Further, *Ainsworth* cites *Jones v. Sternheimer*, 387 Fed. App'x 366, 369 (4th Cir. 2010), in stating that it is an open question in the Fourth Circuit whether public employees may be held individually liable under the FMLA. 851 F. Supp. 2d at 972. However, *Jones* did not involve public employees, but rather supervisors of a private company, Everything Casual, Inc. Plaintiff's citation of *Reed* also does not persuade the Court to depart from the R&R. That decision never discusses *Lizzi* and further concedes that "it would be an odd result for supervisors at a State's public agencies to be subject to liability in their individual capacities under the FMLA's self-care provision, when the State agencies for which they work are immune." *Reed*, 2013 WL 489985, at *14.

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 15). Accordingly, the Court GRANTS Defendants' partial motion to dismiss. (Dkt. No. 6).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

December /6, 2013
Charleston, South Carolina

4